PER CURIAM
*784 Appellant seeks reversal of an order continuing his commitment to the Oregon Health Authority for an additional period of time up to 180 days. See ORS 426.301 ; ORS 426.303. In his only assignment of error, appellant contends that the trial court plainly erred when it failed to advise him as required by ORS 426.303 and ORS 426.301. Specifically, he asserts that the trial court plainly erred when it failed to advise him that he could have a physician or qualified professional examine him and that the court would appoint a physician or qualified professional to conduct an examination if appellant did not have funds to retain someone to do so. In response, the state concedes that the trial court plainly erred in failing to ensure that appellant was advised of all ORS 426.301(3) rights applicable to the recommitment hearing and that the recommitment order should be reversed. See State v. B. L. K. , 293 Or. App. 240, 241, 422 P.3d 433 (2018) (the trial court committed plain error when it failed to advise the appellant of all of his rights as required by ORS 426.301(3) and ORS 426.303 ); see also State v. Montgomery , 147 Or. App. 69, 70, 934 P.2d 640 (1997) (failure to advise a person of ORS 426.301 rights in a recommitment hearing is reversible error). We agree that the error is plain and conclude that it is appropriate to exercise our discretion to correct the error for reasons analogous to those described in State v. M. M. , 288 Or. App. 111, 116, 405 P.3d 192 (2017) (plain error review justified by nature of civil commitment proceedings, relative interests of the parties, gravity of violation, and ends of justice when trial court failed to advise as required by ORS 426.100(1) at civil commitment hearing).
Reversed.