250 April 30, 2025 No. 387

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. J. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. J. S.,
*Appellant.*

Deschutes County Circuit Court
23CC02325; A184402 (Control), A184412

Alison M. Emerson, Judge. (Supplemental Judgment May 1, 2024)

Owyhee Weikel-Magden, Judge. (Supplemental Judgment May 13, 2024)

Submitted March 14, 2025.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

In this consolidated civil commitment appeal, appellant seeks reversal of two judgments. The first of those is a corrected judgment, in which the trial court modified a November 2023 recommitment judgment to provide that appellant was committed to the "Oregon Health Authority" rather than the "Department of Human Services." The second of those judgments, entered in May 2024, recommitted appellant for an additional 180 days. We reverse the May 2024 recommitment judgment.[1]

Appellant raises six assignments of error. In his first assignment, he argues that reversal of the corrected judgment is required because the trial court lacked authority to modify the entity to which appellant had been committed in November 2023. In his second through sixth assignments of error, appellant argues that reversal of the May 2024 recommitment judgment is required for several reasons. Specifically, he contends in his third assignment that the trial court erred by failing to advise him of the rights set out in ORS 426.301(3), as ORS 426.303 requires. The state concedes that error.

Having reviewed the record, we agree with and accept the state's concession. *See State v. I.H.*, 295 Or App 783, 433 P3d 508 (2019) (trial court's failure to advise appellant of ORS 426.301 rights is reversible error). Because we reverse the May 2024 recommitment judgment on that basis, we need not reach appellant's second and fourth through sixth assignments of error.

Moreover, based on the facts of this case, we conclude that reversing the May 2024 recommitment judgment renders moot the question of whether the trial court erred in correcting the November 2023 recommitment judgment. *State v. K.J.B.*, 362 Or 777, 785, 416 P3d 291 (2018) ("Generally speaking, a case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties." (internal quotation marks omitted)). We understand appellant's position to be that resolution of

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

that question affects his substantial rights because it would determine whether the state and court were required to use the process that applies to initial commitments in May 2024, instead of the recommitment process that was used. That is because, as we understand appellant to argue, the reference to the "Department of Human Services" in the November 2023 judgment meant that the May 2024 proceedings, in which the state sought commitment to the Oregon Health Authority, should have been treated as *initial commitment* proceedings, rather than *recommitment* proceedings.

Resolving that question would have no practical effect on appellant's rights, because whether the May 2024 proceedings should have been treated as initial commitment or recommitment proceedings, the May 2024 judgment will be reversed based on the error in the advice of rights. The only result of reversing the corrected recommitment judgment would be to restore that judgment to its pre-corrected form.[2] Further, the trial court's decision to correct the November 2023 judgment does not give rise to the sort of stigma that we rely on to resolve otherwise moot issues in civil commitment cases. *See State v. B.A.F.*, 290 Or App 1, 2-4, 414 P3d 486 (2018) (noting our holdings that the stigma associated with an initial civil commitment and with a recommitment can be sufficient to prevent an appeal from becoming moot).

Reversed.

---

[2] We do not have a challenge to the substance of the November 2023 judgment before us, and the period for appealing that judgment has passed. *See* ORS 19.255(1) (requiring the filing and service of a notice of appeal within 30 days after entry of the judgment appealed from); ORS 19.255(4) (authorizing a late appeal from a civil commitment judgment if, among other things, the person determined to be mentally ill seeks leave to appeal the judgment within 90 days).